UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS DAVID | CIVIL ACTION |
| VERSUS | NO: 15-1655 |
| C AND G BOATS, INC. | SECTION: R(2) |

### ORDER AND REASONS

Defendants M N M Boats, Inc., and A & A Boats, Inc., move the Court for a more definite statement of plaintiff Carlos David's claim for damages under Federal Rule of Civil Procedure 12(e).[1] For the following reasons, the Court denies the motion.

### I.   BACKGROUND

On May 15, 2015, plaintiff Carlos David filed this seaman's complaint for damages following an accident aboard the M/V MS. JANE which caused David injuries.[2] David originally sued C and G Boats, Inc., alleging that C and G Boats owned and operated the M/V MS. JANE at the time of David's accident.[3]

On July 10, 2015, David amended his complaint, removing all references to C and G Boats and adding defendants M N M Boats, Inc., A & A Boats, Inc., and Chet Morrison Contractors, LLC.[4] A fair reading of David's amended complaint sets forth the following allegations.

---

[1]   *See* R. Doc. 16.

[2]   *See* R. Doc. 1.

[3]   *Id.* at 2.

[4]   *See* R. Doc. 13.

At all relevant times, A & A Boats owned the M/V MS. JANE.[5] David was employed by M N M Boats as a Jones Act seaman.[6] At the time of the accident on April 3, 2015, M N M Boats operated and/or controlled the M/V MS. JANE.[7] Chet Morrison Contractors was performing certain crane operations aboard the M/V MS. JANE at the time of David's accident.[8] As a result of the accident, David injured his back, knee, and other parts of his body.[9]

David alleges that A & A Boats, M N M Boats, and Chet Morrison Contractors were jointly negligent in causing his injuries and are therefore jointly liable for David's damages. As to A & A Boats and M N M Boats, David specifically alleges breach of the duty of reasonable care; failure to provide a reasonably safe place to work; failure to train and supervise; failure to take means or precautions to ensure their employees' safety; unseaworthiness; failure to provide minimum safety requirements; failure to provide adequate equipment; and failure to provide adequate personnel.[10] As to Chet Morrison Contractors, David specifically alleges breach of the duty of reasonable care, including the operation of the crane used at the time of David's injury; failure to maintain control of the crane; failure to train and supervise its employees; failure to take means or precautions to ensure David's safety; failure to provide minimum safety requirements; failure to provide

---

[5] *Id.* at 3.

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] *See id.* at 4.

[9] *Id.* at 3.

[10] *See id.* at 4.

adequate equipment; failure to provide adequate personnel; and failure to adhere to the safety requirements specific in its contract regarding crane operations.[11]

On July 29, 2015, M N M Boats and A & A Boats moved the Court to require David to more definitely state his claim. Defendants argue that David's complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a) and is so vague as to prevent a reasonable response.[12] David opposes the motion.[13]

## II.   DISCUSSION

A district court will grant a motion for a more definite statement pursuant to Rule 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The motion must state the defects in the pleading and the details desired. *See id.* A party, however, may not use a Rule 12(e) motion as a substitute for discovery. *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959). Given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. *See Mitchell*, 269 F.2d at 132; *Gibson v. Deep Delta Contractors, Inc.*, No. 97–3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000). At the same time, the Supreme Court has noted that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In deciding whether to grant a Rule 12(e) motion, the trial judge is given considerable discretion. *Newcourt Leasing Corp.*

---

[11]   *See id.* at 5.

[12]   *See* R. Doc. 16; R. Doc. 16-1.

[13]   R. Doc. 17.

*v. Regional Bio–Clinical Lab, Inc.*, No. 99–2626, 2000 WL 134700, at *1 (E.D. La. Feb. 1, 2000).

The Court finds David's complaint sufficient to withstand defendants' Rule 12(e) motion. A complaint is considered inadequate under the "notice" pleading requirements of Rule 8(a) only if it wholly fails to "(1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citing *Gen. Star Indem., Co. v. Vesta Fire Ins., Corp.*, 173 F.3d 946, 950 (5th Cir. 1999)). Defendants argue that David's complaint lacks sufficient information because he does not allege (1) the details of the accident, (2) the manner in which he believes the M/V MS. JANE, its equipment, or its crew were unseaworthy, or (3) the nature of his alleged physical injuries.[14] While David's complaint is not a model of clarity, this information can be readily obtained through discovery. Because a party may not use a Rule 12(e) motion as a substitute for discovery, and because Rule 12(e) motions are disfavored, the Court denies defendants' motion for a more definite statement.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendants' Motion for a More Definite Statement.

New Orleans, Louisiana, this ___18th___ day of September, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14]   R. Doc. 16-1 at 3.