UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARLOS DAVID                                    CIVIL ACTION

VERSUS                                            NO. 15-1655

C AND G BOATS, INC.                      SECTION "R" (2)

## ORDER AND REASONS

Before the Court are plaintiff's two motions in limine to exclude defense experts David Scruton[1] and James Pritchett.[2]  For the following reasons, the Court denies plaintiff's motion to exclude David Scruton.  The Court denies as moot plaintiff's motion to exclude James Pritchett.

## I.    BACKGROUND

This case arises out of an accident aboard the M/V MS JANE, a vessel owned by Defendant A & A Boats, Inc.[3]  Plaintiff Carlos David alleges that he was employed by Defendant M N M Boats, Inc. as a deckhand on the M/V MS JANE when he was struck by a personnel basket and seriously injured.[4]  Plaintiff's accident allegedly occurred while he was helping to guide and land

---

[1]    R. Doc. 64.
[2]    R. Doc. 65.
[3]    R. Doc. 13 at 3.
[4]    *Id.* at 2; R. Doc. 64-1 at 1-2.

the personnel basket on the deck of the M/V MS JANE.[5] Plaintiff asserts that the captain of the vessel and the crane operator each failed to follow proper and safe procedures in performing the personnel basket transfer, and that their negligence directly caused his injuries.[6]

On May 15, 2015, plaintiff filed a seaman's complaint for damages.[7] This matter is set for trial beginning October 2, 2017.[8] Plaintiff now moves to exclude defense experts James Pritchett and David Scruton on the basis that some of their opinions are either unreliable or constitute improper legal conclusions.[9] Defendants have withdrawn Pritchett as a testifying expert.[10] The Court therefore considers only plaintiff's motion to exclude Scruton.

## II.    LEGAL STANDARD

Federal Rule of Evidence 702 gives the district court considerable discretion to admit or exclude expert testimony. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-39 (1997). Rule 702 provides that a witness "qualified as an expert by knowledge, skill, experience, training, or education" may

---

[5]    R. Doc. 64-1 at 1-2.
[6]    *Id.* at 2.
[7]    R. Doc. 1.
[8]    R. Doc. 59.
[9]    R. Doc. 64-1; R. Doc. 65-1.
[10]   R. Doc. 66.

provide opinion testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. To be admissible, Rule 702 requires that (1) the testimony be based on sufficient facts or data, (2) the testimony be the product of reliable principles and methods, and (3) the witness apply the principles and methods reliably to the facts of the case. *Id.*

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. 579, 589 (1993). *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (clarifying that the *Daubert* gatekeeping function applies to all forms of expert testimony). The Court's gatekeeping function therefore involves a two-part inquiry. First, the Court must determine whether the expert testimony is reliable. The party offering the testimony has the burden to establish reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir.1998). The Court must assess whether the reasoning or methodology underlying the expert's testimony is valid. *See Daubert*, 509 U.S. at 590. The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation. *See id.* The Court's inquiry into the reliability of

expert testimony is flexible and necessarily fact-specific. *See Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000).

Second, the Court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will assist the trier of fact to understand the evidence. *See Daubert* at 591. This is primarily an inquiry into the relevance of the expert testimony. *See id; see also Bocanegra v. Vicmar Services, Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). Expert testimony is unnecessary if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).

## III. DISCUSSION

### A. Expert Qualifications and Reliability

Scruton is a marine consultant with over 16 years of experience at sea, including service as a vessel safety officer and captain, and 27 years of experience as a marine consultant and surveyor.[11] He has experience overseeing the training of crewmembers in vessel handling, maneuvering, towing, pushing of barges, and line handling.[12] Scruton also serves as an

---

[11] R. Doc. 64-2 at 17.
[12] *Id.*

arbitrator in maritime disputes.[13]    The Court finds that Scruton is sufficiently qualified to testify as a marine safety expert.

Plaintiff does not contest Scruton's general maritime expertise, but argues that Scruton lacks specific experience in offshore crane operations and is not qualified to offer opinions from the perspective of a crane operator.[14]    Scruton's report includes three opinions related to crane operations.[15]    The Court finds that these opinions relate primarily to the general safety practices and procedures that a crane operator should follow during personnel basket transfers and do not require personal experience as a crane operator.  Scruton's report indicates that he has experience with the type of Billy Pugh personnel basket that injured plaintiff and is familiar with recommended safety practices for personnel basket transfers.[16]    Moreover, plaintiff acknowledges that Scruton is sufficiently qualified to testify about personnel basket transfers from the perspective of a vessel captain or crewmember.[17] Scruton's report describes the respective roles of the vessel's

---

[13]    *Id.*

[14]    R. Doc. 64-1 at 5-6.  Plaintiff also argues that Scruton's testimony on crane operations is cumulative and duplicative of the proposed testimony of James Pritchett.  Because defendants no longer plan to call Pritchett as an expert, the Court does not address this argument. *See* R. Doc. 64-1 at 7; R. Doc. 66.

[15]    R. Doc. 64-2 at 15.  These opinions are numbered 14, 15, and 17.

[16]    *Id.* at 13.

[17]    R. Doc. 64-1 at 5-6.

captain and deckhand in ensuring that personnel basket transfers are conducted safely.[18]

The Court finds that Scruton has sufficient expertise to testify about whether the crane operator involved in plaintiff's accident followed proper practices and procedures, and that Scruton's opinions are outside the common understanding of the jury. *See Metrejean v. REC Marine Logistics, L.L.C.*, No. 08-5049, 2009 WL 3062622, at *3 (E.D. La. 2009) (finding that expert was sufficiently qualified to testify about the safety hazards of moving tugboats and barges even though he lacked experience with deckhands such as the plaintiff).

Plaintiff also contends that Scruton's opinions are unreliable because Scruton cites to a federal regulation that does not apply to offshore operations.[19] Scruton references the Occupational Safety and Health Administration (OSHA) definition of a "danger zone" contained in 29 C.F.R. § 1917.2.[20] Scruton's report acknowledges that this regulation does not apply to offshore operations but explains that OSHA's definitions are widely understood in the offshore industry.[21] The Court finds that Scruton has

---

[18]    R. Doc. 64-2 at 4, 6-7.
[19]    R. Doc. 64-1 at 6.
[20]    R. Doc. 64-2 at 12.
[21]    *Id.*

sufficient experience to testify about how a term such as "danger zone" is understood in maritime operations, and that this testimony may assist the trier of fact. Because Scruton does not assert that the regulation is binding, there is little risk that his opinion will confuse the jury.

To the extent that plaintiff believes that Scruton is unqualified to offer certain opinions or that his testimony is otherwise unreliable, he may cross-examine Scruton at trial. In assessing an expert's qualifications, the Court's gatekeeping function does not replace the traditional role of cross-examination in the adversary system. *See Daubert*, 509 U.S. at 596. In general, "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility, and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Lefore County, Mississippi*, 80 F.3d 1074, 1077 (5th Cir. 1996); *see also Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 507 (5th Cir. 1999) (explaining that, "as long as some reasonable indication of qualifications is adduced, the court may admit the evidence without abdicating its gate-keeping function").

## B.    Legal Conclusions

Plaintiff asserts that several of Scruton's opinions offer improper legal conclusions.[22]  The Federal Rules of Evidence do not permit expert witnesses to offer conclusions of law.  *See C.P. Interests, Inc. v. Ca. Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001) (citing *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983)).  An opinion is a legal conclusion if it "would supply the jury with no information other than the expert's view of how its verdict should read." *Owen*, 698 F.2d at 240.  To be admissible, an expert's opinion should "assist the trier of fact to understand the evidence or to determine a fact in issue" and "bring to the jury more than the lawyers can offer in argument." *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (internal citations omitted); *see also* Fed. R. Evid. 702.

The Court finds that Scruton's challenged opinions are not legal conclusions and will assist the jury to understand the evidence in this matter. Scruton's opinion that the captain operated the vessel in conformity with industry practices and company policies is a factual conclusion outside the common understanding of the jury.  *See Owen*, 698 F.2d at 240 (explaining that the question of whether an "individual was following proper practices, seeks a factual, not a legal, conclusion"); *Howard v. Offshore Liftboats, LLC*,

---

[22]    R. Doc. 64-1 at 7-8.

No. 13-4811, 2016 WL 232238, at *3 (E.D. La. 2016) (admitting testimony on the appropriate standard of care). Similarly, Scruton's opinion that plaintiff is an experienced deckhand who should have been familiar with his responsibilities and with the appropriate hand signals is a factual rather than a legal conclusion.[23] To the extent that plaintiff disputes Scruton's characterization of his experience, he will have the opportunity to cross-examine Scruton at trial.

Additionally, Scruton's opinions that there was adequate space on the deck of the M/V MS JANE to safely land the personnel basket, that the weather and sea conditions were favorable to personnel basket transfers, and that lighting conditions did not contribute to the incident are factual conclusions that draw on Scruton's expertise.[24] It is unlikely that the jury's common experience and knowledge would encompass the appropriate physical and weather conditions for a personnel basket transfer. *See Peters*, 898 F.2d at 450 (explaining that the reasonableness of using a ship's crane to transfer machinery between two ships in heavy seas was outside the average juror's knowledge); *Fenimore v. Am. River Transp. Co.*, No. 04-1495, 2005 WL 106776, at *3 (E.D. La. 2005) (finding that an expert's

---

[23] R. Doc. 64-2 at 15.
[24] R. Doc. 64-2 at 14-15.

opinions on the proper positioning of vessel lines, proper vessel rigging, job safety, and proper training were beyond a layperson's general understanding and were not simply legal conclusions).

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion to exclude David Scruton is DENIED.

Plaintiff's motion to exclude James Pritchett is DENIED as moot.

New Orleans, Louisiana, this __8th__ day of September, 2017.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE